**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DEWEY AUSTIN BARNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-109-SRW |
| | ) | |
| GREGORY HANCOCK, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter comes before the Court on Petitioner Dewey Austin Barnett's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. For the reasons discussed below, the Court will order Petitioner to show cause as to why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

**Background**

On June 9, 2022, a jury convicted Petitioner of first-degree assault and armed criminal action. *State of Missouri v. Barnett*, No. 18JE-CR03039 (23rd Jud. Cir., Jefferson County).[1] On August 8, 2022, Petitioner was sentenced to a total of 27 years in the Missouri Department of Corrections. On November 21, 2022, Petitioner filed a direct appeal. The Missouri Court of Appeals for the Eastern District affirmed the judgment of the circuit court on May 21, 2024. *State v. Barnett,* ED111041. On June 5, 2024, Petitioner filed a motion for rehearing/transfer to the Missouri Supreme Court. This was denied on June 24, 2024. The Court of Appeals issued the mandate on September 26, 2024.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

On December 16, 2024, Petitioner filed a motion to vacate, set aside, or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 29.15. *Barnett v. State of Missouri*, No. 24JE-CC01215 (23rd Jud. Cir., Jefferson County). The motion was dismissed by the parties on May 23, 2025.

Petitioner filed the instant action on May 13, 2026. ECF No. 1-1. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (stating that "a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

**Discussion**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition and the underlying state-court actions, it appears that the petition is untimely. Therefore, Petitioner will be ordered to show cause why his petition should not be summarily dismissed as time-barred.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In this case, the Missouri Court of Appeals affirmed

2

petitioner's conviction and sentence on direct appeal on May 21, 2024, and the mandate was issued on September 26, 2024. Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely). Thus, the statute of limitations began to run on September 26, 2024.

Petitioner filed a motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 on December 16, 2024. The filing of a postconviction action tolled the statute of limitations, which had run for 81 days. Petitioner's Rule 29.15 motion was dismissed on May 23, 2025. Accordingly, Petitioner's statute of limitations continued running on May 23, 2025.

Petitioner did not file the instant petition until May 13, 2026. Thus, the instant petition appears to be untimely by approximately 71 days after the expiration of the limitations period. It therefore appears that the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

In the section of the petition to discuss any timeliness issues, Petitioner simply writes "N/A." ECF No. 1 at 12. Petitioner is mistaken to believe timeliness does not apply to him.

**Order to Show Cause**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that a petitioner is not entitled to relief. Here, as discussed above, it appears that Petitioner's petition is barred by the statute of limitations. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S 198, 210 (2006). As a result, the Court will order Petitioner to show cause, in writing and no later than thirty days from the date of this order, why this action should not be dismissed as untimely.

3

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall show cause in writing within **thirty (30) days** of the date of this order as to why the Court should not dismiss his petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that Petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

Dated this 8th day of June, 2026.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE