**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DEWEY AUSTIN BARNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-109-SRW |
| | ) | |
| GREGORY HANCOCK, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Petitioner Dewey Austin Barnett's response to the Show Cause Order issued June 8, 2026. Having carefully reviewed Petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244(d).

**Background**

On June 9, 2022, a jury convicted Petitioner of first-degree assault and armed criminal action. *State of Missouri v. Barnett*, No. 18JE-CR03039 (23rd Jud. Cir., Jefferson County).[1] On August 8, 2022, Petitioner was sentenced to a total of 27 years in the Missouri Department of Corrections. On November 21, 2022, Petitioner filed a direct appeal. The Missouri Court of Appeals for the Eastern District affirmed the judgment of the circuit court on May 21, 2024. *State v. Barnett,* ED111041. On June 5, 2024, Petitioner filed a motion for rehearing/transfer to the Missouri Supreme Court. This was denied on June 24, 2024. The Court of Appeals issued the mandate on September 26, 2024. The statute of limitations began to run on this date.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Petitioner filed a motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 on December 16, 2024. The filing of a postconviction action tolled the statute of limitations, which had run for 81 days. Petitioner's Rule 29.15 motion was dismissed on May 23, 2025. Accordingly, Petitioner's statute of limitations continued running on May 23, 2025.

Petitioner did not file the instant petition until May 13, 2026 which was 71 days after the expiration of the limitations period.

**Discussion**

In response to the Show Cause Order, Petitioner argues that the statute of limitations in AEDPA is unconstitutional because his right to petition his government cannot be limited. ECF No. 7. Petitioner is incorrect. The Supreme Court has repeatedly enforced the limitations set forth in AEDPA. *See Lawrence v. Fla.*, 549 U.S. 327 (2007); *see also Duncan v. Walker,* 533 U.S. 167 (2001). Petitioner gives no other reason why his petition should not be dismissed and does not dispute that it is untimely; therefore, the Court must dismiss the petition under 28 U.S.C. § 2244(d).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** without prejudice as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this  21st  day of July, 2026.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

2